UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL BUXBAUM,

                Plaintiff,

      -against-

TD BANK, N.A.,

                Defendant.

25-CV-0224 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action against TD Bank. He alleges that, on December 16, 2024, he deposited a cashier's check into his account at TD Bank, and then gave further instructions to TD Bank that were not followed. The Court dismisses the complaint without prejudice for the following reason.

      Plaintiff has previously submitted to this court a substantially similar complaint against Defendant TD Bank. That case is presently pending before the Honorable Katherine Polk Failla of this court under docket number 24-CV-09832 (KPF). In that complaint, Plaintiff alleges that on December 17, 2024, "TD Bank refuse[d] to activate [his] debit card to spend money," and he seeks to "[u]nrestrict the accounts." As this complaint is against the same defendant and raises substantially similar claims, no useful purpose would be served by litigating this duplicate lawsuit.[1] Therefore, this complaint is dismissed without prejudice to Plaintiff's pending case under docket number 24-CV-09832 (KPF).[2]

---

[1] Plaintiff has brought a third suit against the same defendant, *Buxbaum v. TD Bank*, No. 1:24-CV-10081, in which Plaintiff alleges that on December 18, 2024, TD Bank did not carry out a wire transfer.

[2] To the extent that the claims raised in this action and in *Buxbaum*, No. 1:24-CV-10081, expand upon the claims raised in *Buxbaum*, No. 1:24-cv-09832-KPF, Plaintiff can, insofar as Rule 15 of the Federal Rules of Civil Procedure permits, amend his earlier complaint to include such claims.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice as duplicative of his complaint pending under docket number 24-CV-09832 (KPF).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated: January 13, 2025
       New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge